**In re Robert J. BERNARDELLI, and Barbara Bernardelli, Debtors.**

**Shirley F. WILLIAMS, Plaintiff,**

**v.**

**Robert J. BERNARDELLI, and Barbara Bernardelli, Defendants.**

**Bankruptcy No. 80–00933.
Adv. No. 81–0082.**

United States Bankruptcy Court,
D. Nevada.

Aug. 14, 1981.

See also, Bkrtcy., 12 B.R. 123.

Fran P. Archuleta, Reno, Nev., for plaintiff.

Lionel, Sawyer & Collins by Richard W. Horton, Reno, Nev., for defendants.

## OPINION AND DECISION

BERT GOLDWATER, Bankruptcy Judge.

This is an adversary action seeking the nondischargeability of a judgment upon a jury verdict for $23,500, $10,000 of which was for punitive damages, under 11 U.S.C. § 523(a).

In Nevada punitive damages are allowed under N.R.S. 42.010 as follows:

> In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

A motion for summary judgment was denied because the verdict did not state the ground of the judgment for punitive damages.

The bankruptcy court has exclusive jurisdiction to determine the dischargeability of a debt, 11 U.S.C. § 523(c), but the bankruptcy court may adopt the findings of another court if the findings are clearly on the issue. In the absence of a specific finding, the matter was retried here to determine if there was an exception to discharge under 11 U.S.C. § 523(a).

Plaintiff and defendant were longtime friends before defendant was licensed as a real estate broker-salesman. When defendant became licensed, he solicited plaintiff to sell her home through his real estate office and promised plaintiff that he would do everything he could to help her find another house including co-signing to

help her qualify. At first plaintiff refused but later listed her house for sale upon the condition that no sale be concluded unless plaintiff found and qualified for the purchase of another larger house. The house was listed for sale in a multiple listing service available to all brokers with plaintiff's contingency that it was conditioned upon plaintiff as seller obtaining another house.

A contract for sale of the house was made through another broker but failed to state the contingency. Before signing the contract as seller, plaintiff met with the selling broker and defendant. She knew of the omission and remarked as to its absence. Her inquiry to the selling broker was referred to defendant. Defendant did not answer aloud but appeared to acknowledge the inquiry. Plaintiff was then told by the selling broker that "your broker will take care of it." Plaintiff signed the agreement of sale expecting the contingency would be provided in additional documents.

Plaintiff was unable to find another larger home for which she could qualify as buyer. Defendant refused to participate as co-signer with plaintiff in three homes which plaintiff located for purchase and he gave her no aid or assistance in finding another house.

When plaintiff was told that the buyers were ready to close escrow and that she would have to vacate the premises, she refused to complete the escrow. Plaintiff was sued by the buyers and brought a third-party complaint against defendant. She alleged five claims for relief, two sounding in negligence, two in contract, and one in fraud based upon defendant's breach of fiduciary duty to her as a licensed broker.

Plaintiff's testimony was that she was "done wrong" because "a broker should be honest and truthful." She said she trusted him. Her entire case in this court was that defendant had breached his trust as a friend and as a real estate broker.

Clearly, plaintiff pleaded and sought to prove an exception to discharge under 11 U.S.C. § 523(a)(4):

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

No actual fraud was pleaded or proven. Plaintiff signed the contract of sale knowing the contingency that she first obtain another home was not included. She simply trusted and relied upon defendant to see to her protection as a condition in that regard.

Additionally, even though there is no question that defendant breached his duty as a real estate broker-salesman when he failed to protect plaintiff's conditional listing, Section 523(a)(4) insofar as it relates to a debtor acting in a fiduciary capacity does not apply to real estate brokers. The rule is long standing.

The qualification that the debtor be acting in a fiduciary capacity has consistently, since its appearance in the Act of 1841, been limited in its application to what may be described as technical or express trusts, and not to trusts ex maleficio that may be imposed because of the very act of wrongdoing out of which the contested debt arose. There is no reason to believe that section 523(a)(4) will be construed otherwise. Thus, unless there be some additional fact, section 523(a)(4), insofar as it relates to a debtor acting in a fiduciary capacity, does not apply to frauds of agents, bailees, brokers, factors, partners, and other persons similarly situated. Also, the commonplace frauds of the ordinary debtor in disposing of his property so as to hinder, delay, or defraud his creditors are not within clause (4). Nor does the phrase "in a fiduciary capacity" include or apply to trusts which are merely implied by law from contracts. 3 *Collier on Bankruptcy* 523–99–523–102 (15th ed. 1980)

Plaintiff has failed to bring the state court judgment or the jury verdict within any exception in the Code. Let judgment be entered that plaintiff's claim is discharged.